# KENT COUNTY.

HALSEY J. BRIGGS *vs.* PARDON HOPKINS, Town Treasurer of the town of West Greenwich.

At a town meeting it was voted that B. "be collector of taxes, . . . he giving bond to the satisfaction of the town treasurer." By another vote the amount of the bond was fixed at six thousand dollars.

*Held*, that the condition of the bond was prescribed by Pub. Stat. R. I. cap. 37, § 20, and that the town treasurer had only to judge of the sufficiency of the sureties on the bond.

B. filed his bond with the town treasurer, and demanded a copy of the assessment and a warrant of collection. The town treasurer refused the bond and B. took it away. It did not appear that the town treasurer refused the bond because the sureties were unsatisfactory.

*Held*, that *mandamus* should not issue compelling the town treasurer to give a copy of the assessment and a warrant of collection unless B. filed his bond again.

ALTERNATIVE WRIT OF MANDAMUS. On the respondent's return to the writ.

*Samuel W. K. Allen*, for relator.

*George T. Brown*, for respondent, cited *Swan* v. *Gray*, 44 Miss. 393, 396; *Freeman* v. *Selectmen of New Haven*, 34 Conn. 406, 415; *Seymour* v. *Ely*, 37 Conn. 103; *Rice* v. *Commissioners of*

*Highways of Middlesex*, 13 Pick. 225; *United States* v. *Seaman*, 17 How. U. S. 225 ; High on Extraordinary Legal Remedies, cap. 2, §§ 42, 43, 49.

*Providence, January* 21, 1888. PER CURIAM. The record shows that at the annual town meeting of West Greenwich, May 23, 1887, it was " Voted, that Halsey J. Briggs be collector of taxes, for the sum of seven dollars, he giving bond to the satisfaction of the town treasurer ; " that November 15, 1887, he tendered to the respondent, town treasurer, a bond " in the sum of six thousand dollars, which was the sum fixed by the town of said West Greenwich as the amount to be put in said bond, and with sureties satisfactory to said Pardon Hopkins, town treasurer as aforesaid, conditioned that the said Halsey J. Briggs shall faithfully perform his said trust as collector of taxes as aforesaid." Upon due qualification for the office, it is the duty of the town treasurer to deliver to the collector the copy of the assessment transmitted to him by the town clerk, and a warrant to collect the tax. The petitioner prays for a writ of *mandamus* commanding the respondent to issue such copy and warrant, and upon this petition an alternative writ has issued. The respondent contends that, as the bond, by the vote of the town, was to be satisfactory to him, his action in regard to it is discretionary, and not within the purview of a writ of *mandamus*. The town prescribed the amount of the bond, and the statute, Pub. Stat. R. I. cap. 37, § 20,[1] prescribes the condition. If any bond at all was filed, the only thing for the treasurer to pass upon, therefore, would be the sufficiency of the sureties. It was held in *Capwell* v. *Hopkins*, 10 R. I. 378, that the treasurer was to judge of the sufficiency of the

---

[1] As follows:

" SECT. 20. Every collector of taxes shall give bond, with sufficient surety, for the faithful performance of such trust, to the town treasurer of the town for which he is chosen, in such sum as the said town or the town council of said town shall appoint, not exceeding double the amount of the tax with the collection of which he shall be charged. Whenever any town shall elect its town treasurer collector of taxes for such town, the bond to be given by such collector under the provisions hereof shall be given to the town, and shall be delivered to the town council for safe keeping; and upon the happening of any breach of the condition of the said bond, an action thereon may be commenced in the name of the town to which it was given."

sureties ; and we do not think the vote in this case can mean anything more. It cannot mean to leave the amount of the bond discretionary with the treasurer, for that would nullify the vote of the town ; nor can it mean to leave to him the form or condition, for that is prescribed by statute. Evidently the words, " giving bond to the satisfaction of the town treasurer," meant giving bond with sureties satisfactory to him. The petition avers that the sureties were satisfactory to the treasurer. The return does not deny this, nor show that they were insufficient. It simply avers that the respondent " believed said bond to be insufficient and defective, and so informed said Briggs said bond was not satisfactory." All that he says about the sureties is that, as to four of them, he " has not been able to discover that there are any such persons in the town of Cranston ; " they being described as of that town. He says nothing about the other surety. If the respondent was not satisfied with the sureties, he acted within his discretion, and we cannot compel him to exercise that discretion one way or the other. But, if the sureties were satisfactory, nothing remained for him to do but the ministerial act of issuing the warrant, which this court may command. We do not think it appears from the record that the respondent's refusal was based upon his discretion as to the sufficiency of the sureties, and consequently the petitioner was entitled to the warrant and copy of assessment.

Inasmuch, however, as the petitioner took away the bond after the respondent's refusal to receive it, the order for a peremptory writ will not issue except upon condition that the bond be refiled.